NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

MAY 22 2026

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| YI-SHENG FANG; HECHALOU INTERNATIONAL, LLC, a Delaware limited liability company,<br><br>        Plaintiff-ctr-defendants - Appellees,<br><br>  v.<br><br>HECHALOU US, LLC, a California limited liability company; JOHANNA CHEN, an individual, aka Johanna Du,<br><br>        Defendant-ctr-claimants - Appellants,<br><br>  v.<br><br>HECHALOUTEA CO., LTD., a Taiwanese company,<br><br>        Counter-defendant. | No. 25-5608<br><br>D.C. No.<br>8:25-cv-01180-PA-JDE<br><br>MEMORANDUM* |

Appeal from the United States District Court
for the Central District of California
Percy Anderson, District Judge, Presiding

---

    *     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

Submitted May 19, 2026[]
Pasadena, California

Before: LEE, BUMATAY, and SUNG, Circuit Judges.

Defendants-Appellants Johanna Chen and Hechalou US, LLC (HUS) appeal the district court's entry of a preliminary injunction against them on Plaintiffs-Appellees' Yi-Sheng Fang and Hechalou International, LLC's (HINTL) claim for trademark infringement. "We review a grant or denial of a preliminary injunction for abuse of discretion." *Env't Prot. Info. Ctr. v. Carlson*, 968 F.3d 985, 989 (9th Cir. 2020). We have jurisdiction under 28 U.S.C. § 1292, and we affirm.

"To prevail on its Lanham Act trademark claim, a plaintiff must prove: (1) that it has a protectible ownership interest in the mark; and (2) that the defendant's use of the mark is likely to cause consumer confusion." *Rearden LLC v. Rearden Commerce, Inc.*, 683 F.3d 1190, 1202 (9th Cir. 2012) (quotation marks omitted). "To acquire ownership of a trademark it is not enough to have invented the mark first or even to have registered it first; the party claiming ownership must have been the first to actually use the mark in the sale of goods or services." *Id.* at 1203.

Defendants contend that they, and not Plaintiffs, have superior rights (priority) in the asserted trademarks (the Hechalou marks) because Defendants

---

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

25-5608

were the first to use the Hechalou marks in commerce, beginning in March 2024. But it is undisputed that, at the time of Defendants' first use of the Hechalou marks, they were operating under a licensing agreement with HINTL's parent corporation, HechalouTea Co., Ltd. The agreement explicitly acknowledged that Fang was the owner of the Hechalou marks and permitted HUS's use of the marks only through a limited license. Because Defendants were operating as licensees when they first used the marks in commerce, their use of the marks "inure[d] to the benefit" of Plaintiffs. 15 U.S.C. § 1055; *see also* McCarthy on Trademarks and Unfair Competition § 18.45.50 (5th ed. Mar. 2026 update) ("A licensee's use inures to the benefit of the licensor-owner of the mark and the licensee acquires no ownership rights in the mark itself.").

Defendants argue that the licensing agreement cannot serve as a basis for Plaintiffs to claim trademark priority here because the agreement was rescinded in April 2025. As they note, "[r]escission extinguishes a contract, rendering it void *ab initio,* as if it never existed." *DuBeck v. Cal. Physicians' Serv.*, 184 Cal. Rptr. 3d 743, 750 (Ct. App. 2015). "The purpose of rescission [is] to restore both parties to their former position[s] as far as possible . . . ." *Runyan v. Pac. Air Indus., Inc.*, 466 P.2d 682, 691 (Cal. 1970) (quotation marks omitted); *accord. Nmsbpcsldhb v. County of Fresno*, 152 Cal. Rptr. 3d 425, 429 (Cal. Ct. App. 2007). However, rescission does not change the fact that Defendants' first use of the Hechalou

marks between March 2024 and April 2025 was with Plaintiffs' permission under the licensing agreement. Thus, the rescission of the parties' agreement does not alter our conclusion that Defendants' first use of the marks was as Plaintiffs' licensees, and therefore to Plaintiffs' benefit.

Because we affirm the district court on the basis that Defendants' use of the disputed marks between March 2024 and April 2025 inured to Plaintiffs' benefit, we do not address Plaintiffs' other arguments in favor of their priority.

**AFFIRMED.**

25-5608